## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| LASHAN M. TREMBLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-223 |
| | ) | |
| CHATHAM COUNTY | ) | |
| DETENTION CENTER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Lashan M. Tremble filed this 42 U.S.C. § 1983 case alleging that an unidentified defendant "violated [his] rights[, and] [d]ue process laws," because he has been detained for fifteen months "with no court date." Doc. 1 at 5. He asks this Court to "get [his] case heard because of pain [and] suffering, loss of wages, [a]nd mental and physical stress." *Id.* at 6. He has also moved to proceed *in forma pauperis*. Doc. 2. Since his Motion shows that he is not indigent, it should be **DENIED**. Doc. 2. Since a preliminary review of his Complaint shows that it is subject to dismissal, affording Tremble an opportunity to pay the filing

fee would be futile. His Complaint should, therefore, be **DISMISSED**. Doc. 1.

Tremble's motion seeking leave to proceed *in forma pauperis* discloses a balance of $590.17 in his prison trust account. Doc. 2 at 2. That sum is sufficient to pay the filing fee. *Cf.* 28 U.S.C. § 1914. While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing his own litigation may cause some difficulty is not sufficient to relieve a plaintiff of his obligation to pay his own way where it is possible to do so without undue hardship. *Thomas v. Secretary of Dep't of Veterans Affairs*, 358 F. App'x 115, 116 (11th Cir. 2009) (the Court has wide discretion in ruling on IFP application, and should grant the privilege "sparingly" in civil cases for damages). Two important points must be underscored. First, proceeding IFP is a privilege, not an entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). Second, courts have discretion to afford litigants IFP status; it's not automatic. 28 U.S.C. § 1915(a)(1) (courts "*may* authorize the commencement" of IFP actions); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Marceaux v. Democratic*

*Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (the decision of whether to grant or deny IFP status under 28 U.S.C. § 1915 is discretionary).  Given his disclosed assets, plaintiff is not indigent.  Accordingly, his application to proceed *in forma pauperis* should be **DENIED**.  Doc. 2.

The Court might permit Tremble an opportunity to pay the filing fee, *see* S.D. Ga. L. Civ. R. 4.2(2), but review of his allegations show that his Complaint fails to state a claim upon which relief may be granted.[1] First, to the extent that his allegations implicate the validity of his continued detention and seek immediate or speedier release, § 1983 affords him no remedy.  "[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. . . .  He must

---

[1] The failure to pay the required filing fee is not a jurisdictional defect.  *See White v. Lemma*, 947 F.3d 1373, 1378-79 (11th Cir. 2020).   To determine whether an opportunity to pay the filing fee is warranted, the Court evaluates the allegations pursuant to 28 U.S.C. § 1915A(a).

seek federal habeas corpus relief (or appropriate state relief) instead."
*Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quotes and cites omitted);
*Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the
exclusive remedy for a state prisoner who challenges the fact or duration
of his confinement and seeks immediate or speedier release, even though
such a claim may come within the literal terms of § 1983."). And before
he can bring a federal habeas action, he must first exhaust his available
state remedies. *Wilkinson*, 544 U.S. at 79 (federal "habeas corpus actions
require a petitioner fully to exhaust state remedies, which § 1983 does
not"); 28 U.S.C. §§ 2254(b), (c).

Moreover, even if the Court could construe Tremble's Complaint as
a habeas petition, to the extent that Tremble wants this Court to
intervene in an ongoing state prosecution, it is required to abstain. *See,
e.g., Younger v. Harris*, 401 U.S. 37 (1971); *Lewis v. Broward Cnty. Sheriff
Office*, 2021 WL 5217718, at *1 (11th Cir. Nov. 9, 2021). The Eleventh
Circuit has explained that "when a petitioner seeks federal habeas relief
prior to a pending state criminal trial the petitioner must satisfy the
*Younger* abstention hurdles before the federal courts can grant such
relief.'" *Lewis*, 2021 WL 5217718, at *1 (quoting *Hughes v. Att'y Gen. of*

*Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004)).  "The Supreme Court set out three exceptions to the [*Younger*] abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate, alternative state forum where the constitutional issues can be raised."  *Id.* (citing *Younger*, 401 U.S. at 45, 53-54).  The court concluded: "Application of the *Younger* abstention doctrine is, therefore, appropriate when the federal constitutional claims at issue can be raised in an ongoing state court proceeding and the individual seeking relief has not established that he lacks an adequate opportunity to present those claims in the state proceeding."  *Id.* (citing *Younger*, 401 U.S. at 49).  There is no indication that any of the *Younger* exceptions apply to Tremble's case.  Under Georgia law, "[a]ny person restrained of his liberty under any pretext whatsoever, except under sentence of a state court of record, may seek a writ of habeas corpus to inquire into the legality of the restraint."  O.C.G.A. § 9-14-1(a).  Tremble would have to exhaust all available remedies provided under state law before he can seek relief in this Court.  *Cf. Daker v. Sapp*, 2019 WL 3713713, at *6 (S.D. Ga. Aug. 6, 2019)

("Federal habeas corpus should not be used as a pretrial motion forum for state prisoners." (internal quotation marks and citation omitted)).

In summary, Tremble's request to proceed *in forma pauperis* should be **DENIED** because he concedes that he has sufficient funds to pay the filing fee.  Doc. 2.  Any opportunity for Tremble to pay the filing fee would be futile because his Complaint does not state a claim upon which relief can be granted under 42 U.S.C. § 1983.  *Cf.* 28 U.S.C. § 1915A(b)(1). Finally, any reinterpretation of the Complaint as a habeas petition would also be futile because the facts alleged establish that this Court would be required to abstain from considering any habeas petition pursuant to *Younger*.  Accordingly, since any opportunity for Tremble to pay the filing fee would be futile, his Complaint should be **DISMISSED without prejudice**.  Doc. 1.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for

additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 4th day of October, 2022.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA